1

2

3                                                                   E-filed 9/6/2016

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11     MATTHEW BLACKERBY,                    Case No.  16-cv-05051-HRL

               Plaintiff,                    **ORDER FOR REASSIGNMENT TO A
12                                           DISTRICT COURT JUDGE**

13          v.                               **ORDER GRANTING IFP
                                             APPLICATION**
14     GLENDA VERGARA GUMOBAO,
                                             **REPORT AND RECOMMENDATION
15             Defendant.                    RE REMAND TO STATE COURT**

16

17          Glenda Vergara Gumobao removed this unlawful detainer action from the Santa Clara

18     County Superior Court.  She also seeks leave to proceed in forma pauperis (IFP).  For the reasons

19     stated below, the undersigned grants the IFP application, but nonetheless recommends that this

20     matter be remanded to the state court for lack of federal subject matter jurisdiction.

21          A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the

22     court is satisfied that the applicant cannot pay the requisite filing fees.  28 U.S.C. § 1915(a)(1).  In

23     evaluating such an application, the court should "gran[t] or den[y] IFP status based on the

24     applicant's financial resources alone and then independently determin[e] whether to dismiss the

25     complaint on the grounds that it is frivolous."  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226-27 n.5

26     (9th Cir. 1984).  A court may dismiss a case filed without the payment of the filing fee whenever it

27     determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

28

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Defendant qualifies financially for IFP status, and her IFP application therefore is granted.  Even so, she may not proceed in this court because there is no federal subject matter jurisdiction over this matter.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be remanded to the state court if it appears at any time before the final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law.  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not satisfy this requirement.  Id.  Defendant contends that this case depends on the determination of rights and duties "under federal law."  (Dkt. No. 1, at ¶ 10).  However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.  Plaintiff's complaint presents a claim arising only under state law.  It does not allege any federal claims whatsoever.

Nor does this court find any basis for diversity jurisdiction.  Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C. § 1332.  Defendant fails to identify the citizenship of each party.  But this is of no import, since the complaint indicates that the amount in controversy does not exceed $10,000.  Moreover, unlawful detainer actions involve the right to possession alone, not title to the property.  So, the

fact that the subject property may be worth more than $75,000 is irrelevant.  <u>MOAB Investment Group, LLC v. Moreno</u>, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); <u>Maxwell Real Estate Investment LLC v. Bracho</u>, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the removal of this case was improper.  Defendant is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: 9/6/2016

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California